KASPRZAK v. CHAPMAN.

1. AUTOMOBILES—PERSONAL INJURIES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—EVIDENCE.

    In an action to recover damages for injuries sustained as the result of the running away of horse drawing the wagon in which plaintiff was riding because of becoming frightened at an automobile which passed to the right, evidence *held*, to present a jury question as to whether plaintiff was guilty of contributory negligence in failing to turn to the right to allow the automobile to pass.

2. TRIAL — ARGUMENT OF COUNSEL — INSTRUCTIONS — APPEAL AND ERROR.

The instruction of the court to disregard objectionable argument of plaintiff's counsel in a personal injury action cures any error in argument referring to plaintiff as a man who had hewn his way out of a forest and stating that he would give him more consideration than a man born with a silver spoon in his mouth, who had perhaps a college education.

3. APPEAL AND ERROR—ARGUMENT OF COUNSEL—OBJECTIONS NOT RAISED ON TRIAL.

Objections to improper argument will not be considered on appeal where no objection was made to the argument at the time of trial and no rulings were asked for or made.

4. SAME—INSTRUCTIONS—REQUESTS TO CHARGE.

It is not error to refuse specific instructions which are covered by the main charge.

Error to Cheboygan; Shepherd, J. Submitted January 12, 1917. (Docket No. 111.) Decided September 27, 1917. Rehearing denied December 28, 1917.

Case by Ursula Kasprzak against W. Earle Chapman for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*James F. Shepherd,* for appellant.

*L. G. Dafoe,* for appellee.

BIRD, J. On a November afternoon in 1914 plaintiff, her husband, and son were riding in a one-horse wagon on the highway leading in an easterly direction out of the city of Cheboygan. The son was driving. Just as they were leaving the city and turning in on this highway, they observed an automobile some distance away coming towards them. They had not proceeded far when they were overtaken by the automobile. They were then traveling in the center of the traveled part of the highway. As the automobile came

closer, the horse pricked up his ears and showed some signs of nervousness, whereupon the husband, who sat facing the west threw up his hand and called to the driver of the automobile to stop. Without heeding the warning, the driver of the automobile pulled out to the right and passed them at a high rate of speed, and cut in so soon after passing them that the automobile passed within two feet of the horse's head, at the same time emitting a large volume of smoke. This frightened the horse, and he jumped sideways, breaking the thills, and began to run. The wagon soon collided with a fence post on the north side of the highway, throwing plaintiff out and breaking her arm and otherwise injuring her. These claims of plaintiff, which were disputed by defendant in many particulars, were submitted to the jury upon the questions of the negligence of defendant and the contributory negligence of the plaintiff, and a verdict was found for the plaintiff of $1,000.

1. It is not seriously contended by defendant's counsel that plaintiff's testimony did not make a case for the jury as to the negligence of defendant; but he insists that defendant was entitled to a directed verdict on the ground that the driver of the wagon was guilty of contributory negligence as a matter of law. He bases this upon the testimony that plaintiff's son knew that the horse was nervous when automobiles approached; that he observed the automobile when he passed onto this highway, and knew it was coming, and knew that it desired to pass, and notwithstanding this knowledge he failed to turn to the right, as the statute commands him to do when overtaken by an automobile which desires to pass. Much of this testimony is disputed. While the driver admitted he saw the automobile coming from the west when he turned onto the highway, he also testified that the defendant gave no indication in any way that he

wanted to pass, and that he did not know that he intended to pass until he saw him attempting to do so on the right side, and then he immediately reined his horse to the left. We are of the opinion that this and other conflicting testimony bearing on the question of plaintiff's contributory negligence made it one for the jury.

2. At the close of the argument of plaintiff's counsel to the jury defendant's counsel made the following motion:

"*Mr. Shepherd:* Mr. Dafoe in his argument referred to Mr. Kasprzak as a man who had hewn his home out of a forest; and he stated, in regard to that, that he would give that man as much, or more, consideration than to a man born with a silver spoon in his mouth, who had perhaps a college education. I submit that is highly improper and prejudicial, and I take an exception to his statement."

The court, in referring to this argument, stated to the jury that:

"In this country all are equal within the law. It is our pride to keep it so; it is not so in other countries. In some other countries, at least, people are born to a station that entitles them to a different consideration in the law than ours. Here all are equal, no matter to what station he is born, or what education he may have or may lack. It is improper upon the part of counsel to call the attention of the jury to any such consideration, and it will be still more improper for the jury to give it consideration in rendering a verdict."

We think this statement by the court counteracted any bias which may have been produced by the improper argument.

Several other objections were made to the closing argument, but counsel disagree as to what was said therein, and the record is not such that we are able to determine which is right. No objection was made at the time to the argument, and no rulings were asked

for or made. Under these circumstances, we cannot consider the objections.

3. Error is assigned because of the refusal of the trial court to give certain requests bearing on the question of plaintiff's contributory negligence. During the course of the general charge the court instructed the jury as follows:

"The rule is that, in order to recover in this case, she must prove two things: *First*, that the defendant (the doctor) was negligent; that she herself (that is the driver—the one who was driving the horse)—was not negligent. Just keep that in mind, will you, plainly? The plaintiff must prove that the doctor was negligent, and must prove that the driver of the horse attached to the wagon she was riding in, was not negligent. * * *

"The doctor also claimed that the action of the plaintiff—the action of the driver of the horse, not driving or turning out to the left, in not giving him enough room contributed to the injury here—that if he had driven out as far to the left as he might have done and should have done under the circumstances the horse would not have been frightened. If that is the case, why, that does away with the question of whether it was negligence or not; because if the driver was negligent, and his negligence contributed to the result, then the plaintiff cannot recover. * * *

"On the other hand, if you find that the doctor, the defendant, was not guilty, or if you find that the plaintiff has failed by a clear preponderance of the proof to show that he was negligent, or if you find that the driver of the wagon was negligent, or if she has failed to show that he was not negligent, I should say, your verdict will simply be 'no cause of action.'"

In addition to these instructions the court explained to the jury at some length the statutory duty of one driving upon the highway when approached from the rear by a person desiring to pass. The instructions as given were not as specific as the ones requested, but we think they contained the pith of them.

4. The errors assigned upon the admission and re-

jection of testimony have been examined, but we find nothing therein which merits a reversal of the case.

The case appears to have been well tried by both court and counsel, and the judgment must be affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.